IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| EDWARD TODD JACOBS | § | |
| v. | § | CIVIL ACTION NO. 6:22cv445 |
| | | (Crim. No. 6:12cr33) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Movant Edward Todd Jacobs filed this motion to vacate or correct sentence challenging the legality of his conviction. The motion was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Movant states that in November of 2012, he and the Government entered into a plea agreement to Counts One and Six of his indictment. This agreement specified that the Court should sentence Movant to 37 months on Count One and 151 months on Count Six, to run consecutively, for a combined total sentence of 188 months. However, the final judgment imposed two concurrent 188 months sentences instead of the consecutive terms provided for in the agreement. As a result, Movant contends that his projected release date is substantially later than it would be had he received the sentences provided for in the agreement.

Movant states that he has sought to correct this error for almost ten years, without success. In a previous § 2255 proceeding, cause no. 6:17cv216, Movant says that he filed a motion for reconsideration of the dismissal raising the issue of the discrepancy between the sentence and the plea. The Government filed a response acknowledging the mistake and saying that it should be corrected under Fed. R. Crim. P. 36, but the district court ordered the Government to show cause why the court should depart from the mandatory minimum 60 month sentence on Count One. Movant states that the Government then reversed itself and argued that there was no clerical error

1

in the judgment which could be corrected under Rule 36 and that the judgment should remain in effect. The Court accepted this argument and denied Movant's motion for reconsideration. Movant appealed this decision, and the Fifth Circuit determined that the consideration of the motion for reconsideration on its merits was error because the motion was in effect a successive § 2255 motion, and Movant had not obtained authorization from the Fifth Circuit to proceed on a successive motion. The Fifth Circuit therefore remanded the order denying the motion to reconsider with instructions to dismiss the motion for lack of jurisdiction. *United States v. Jacobs*, slip op. no. 22-40514, 2023 U.S. App. LEXIS 2885, 2023 WL 1775657 (5th Cir., February 6, 2023).

Prior to that decision, on November 21, 2022, Movant filed the present case, again arguing that the Government breached the plea agreement and that he is entitled to withdraw his plea. Alternatively, he suggests that the Court direct the parties to convene for purposes of renegotiating the plea agreement, or drafting a supplemental memorandum, and amending the judgment accordingly, or directing resentencing before a different judge to address the issue previously overlooked, or that he be granted relief under Rule 36.

The Government has filed a motion to dismiss for want of jurisdiction, noting that the petition is successive and Movant has not received permission from the Fifth Circuit to file a successive petition. Movant did not file a response to the motion to dismiss. The on-line records of the Fifth Circuit do not show that Movant has been granted leave to file a successive petition, and in fact do not show that Movant has even sought such leave.

The Fifth Circuit has explained that where a movant has previously filed a motion to vacate or correct sentence under 28 U.S.C. § 2255, the district court lacks jurisdiction over a second such motion where the movant has not received authorization from the appellate court to file a successive petition. *Arnold v. U.S.*, 598 F.App'x 298, 2015 U.S. App. LEXIS 4745, 2015 WL 1285691 (5th Cir., March 23, 2015), *citing United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). That circumstance exists in this case. Consequently, the Court lacks jurisdiction over Movant's present §2255 motion and the Government's motion to dismiss should be granted.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a §2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). Rule 11 of the Rules Governing §2255 Proceedings in the United States District Courts provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued only if the movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2).

Under the controlling standard, the movant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003), *quoting Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (200).

When a district court has denied relief on procedural grounds, a movant seeking a certificate of appealability must show both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *United States v. Williams*, 897 F.3d 660, 661 (5th Cir. 2018).

Movant has not shown that jurists of reason would find it debatable whether the district court was correct in its procedural ruling that the court lacked jurisdiction over an unauthorized successive §2255 motion to vacate or correct sentence. Consequently, Movant is not entitled to a certificate of appealability.

RECOMMENDATION

It is accordingly recommended that the above-styled motion to vacate or correct sentence be dismissed without prejudice for want of jurisdiction. It is further recommended that a certificate of appealability be denied *sua sponte*, with such denial relating only to an appeal of this case and having no effect upon Movant's right to seek permission to file a successive §2255 motion.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 1st day of December, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE